[Doc. No. 66]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DOMINIC PERRI,

           Plaintiff,

    v.

RESORTS INTERNATIONAL HOTEL, INC.

           Defendant.

Civil No. 10-4489 (AMD)

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court by way of Plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59. The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court denies Plaintiff's motion.

The trial in this matter involved a claim for damages by Plaintiff, Dominic Perri, for injuries allegedly sustained when he fell from a stool at a casino owned and operated by Defendant Resorts International Hotel, Incorporated. Specifically, on September 2, 2008, Plaintiff was seated at a stool in front of a slot machine at Resorts Casino in Atlantic

City, New Jersey, when the stool "gave way" and caused Mr. Perri "to fall to the floor." (Trial Brief (hereinafter, "Pl.'s Trial Br.") [Doc. No. 28], 1; see also Trial Brief (hereinafter, "Def.'s Trial Br.") [Doc. No. 33], 1-2.) Plaintiff claimed damages from Defendant for past medical bills, past and future pain, suffering, disability, impairment, and loss of enjoyment of life. (See generally Complaint [Doc. No. 1], 6-7.)

Prior to trial, Defendant stipulated to liability. (Joint Final Pretrial Order [Doc. No. 23], 5, 13.) On May 20, 2013, the matter proceeded to trial before a jury on the issues of causation and damages.[1] Plaintiff presented three witnesses during the Plaintiff's case. Plaintiff's partner Larry Richman testified regarding Plaintiff's fall, injury, and continued pain. Dr. Christian I. Fras, an orthopedic subspecialist in surgical treatment of spinal disorders, (Christian I. Fras, M.D., Transcript), testified regarding Plaintiff's fall and injury. Dr. Fras testified with respect to the presence of an injury to Plaintiff's back, (Id. at 26:9-19, 37:6-14, 38:8-41:15), testified that the September 2, 2008 fall caused

---

[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73(b), and Rule 73.1 of the Local Civil Rules for the United States District Court, District of New Jersey. (See Consent to Jurisdiction [Doc. No. 22], 1.)

Plaintiff's injuries, (Id. at 26:20-27:10), and that Plaintiff's injuries were consistent with Plaintiff's assertions of pain. (Id. at 45:17-56:1, 57:4-59:2.) Dr. Fras also noted a 2006 complaint of back pain set forth in Plaintiff's medical records. (Id. at 28:3-20, 29:17-22.) Thereafter, Plaintiff testified regarding his back injury, his pain and the injury's effect on his life. Defense counsel cross-examined Plaintiff and presented two short surveillance videos taken of Plaintiff shortly after the incident.

The defense presented one witness, Dr. Stuart L. Trager, an orthopedic surgeon. (Stuart L. Trager, M.D., Transcript.) Dr. Trager testified by way of video testimony concerning his medical evaluation of Plaintiff. He testified with respect to the notation in Plaintiff's medical records regarding a prior fall for which Plaintiff sought medical treatment, (Id. at 33:10-34:8, 34:16-35:2, 35:12-35:17), in addition to testifying that Plaintiff's MRI showed evidence of a chronic back condition, (Id. at 38:3-39:5, 39:22-40:21), and that, based upon his review, medical uncertainty remained regarding whether the fall on September 2, 2008 caused Plaintiff's current physical complaints. (Id. at 41:20-42:22.)

On May 21, 2013, the parties presented closing arguments to the jury, (see Minute Entry [Doc. No. 56], 1), and

3

on May 22, 2013, the Court charged the jury. (See Jury Instructions [Doc. No. 58], 13-18.) During deliberations, the jury asked the Court the following question:  "Does a yes answer for question #1[2] mandate a cash reward for both medical & pain suffering? Or can we reward only one or the other?" (Jury Note and Court Response [Doc. No. 59], 1.)  After a conference with counsel on the record, but outside the presence of the jury, the Court ruled that the following written response would be provided to the jury: "[e]ach claim for damages must be evaluated separately in accordance with the instructions I previously gave you." (Id.)

On May 22, 2013, the jury found that "the injuries claimed by the Plaintiff Dominic Perri were caused by the negligence of Resorts International Hotel, Inc. d/b/a Resorts Casino & Hotel," (Jury Verdict Sheet [Doc. No. 60], 1), and awarded Plaintiff $13,817.47[3] for Plaintiff's past medical bills, but zero dollars for past and future pain, suffering,

---

2. Question one of the jury verdict sheet stated: "Has the plaintiff Dominic Perri proven by a preponderance of the evidence that the injuries claimed by the Plaintiff Dominic Perri were caused by the negligence of Resorts International Hotel, Inc. d/b/a Resorts Casino & Hotel?" (Jury Verdict [Doc. No. 60], 1.)
3. By letter dated June 5, 2013, the parties submitted a joint proposed judgment in the amount of $2,310.44 (see Letter [Doc. No. 63], 1), which judgment the Court entered on June 11, 2013.

disability, impairment, and loss of enjoyment of life. (Id.)
Before the Court excused the jury, Plaintiff's counsel made an
oral application for a new trial pursuant to Federal Rule of
Civil Procedure 49. The Court denied the application and the
present motion followed. (See Minute Entry [Doc. No. 57], 1.)

        In his motion for a new trial, Plaintiff asserts that,
"[t]hese verdicts by the jury contained irreconcilable
inconsistencies" and support the grant of a new trial. (Brief in
Support of Plaintiff's Motion for a New Trial (hereinafter,
"Pl.'s Br.") [Doc. No. 66-1], 1-2, 4.) Plaintiff asserts that
"the jury returned an answer wholly inconsistent with the
remainder of the verdict when they found that - despite the
existence of all of the injuries claimed by [P]laintiff and the
necessity of all of [P]laintiff's past medical bills - the
[P]laintiff did not experience pain, suffering, disability,
impairment, or lost enjoyment of life for one scintilla of a
second." (Id. at 3.) Plaintiff asserts that "[i]t is simply
inconsistent and irreconcilable for the jury to find that all of
the injuries claimed by [P]laintiff did indeed exist, but at no
time did those injuries cause any pain, suffering, disability,
impairment, or lost enjoyment of life." (Id. at 4) (emphasis in

---

(Clerk's Judgment [Doc. No. 64], 1.)

original.) In light of these allegedly inconsistent findings,
and in reliance on Brooks v. Brattleboro Mem. Hosp., 958 F.2d
525 (2nd Cir. 1992) and Love v. Nat'l R.R. Passenger Corp., 841
A.2d 931 (N.J. Super. Ct. App. Div. 2004), Plaintiff seeks a new
trial. (Pl.'s Br. at 4.)

        In response to the motion, Defendant asserts that "it
is not inherently inconsistent for a jury to award a plaintiff
his past medical expenses and not any amount for past pain and
suffering." (Defendant's Brief in Opposition to Plaintiff's
Motion for a New Trial (hereinafter, "Def.'s Opp'n") [Doc. No.
67], 6.) Defendant notes that the contested issues at trial
included the cause of the injuries and whether "plaintiff
suffered any significant pain thereafter." (Id. at 5.)
Specifically, Defendant asserts that "[i]t was brought before
the jury by the testimony of the plaintiff and two medical
experts that the plaintiff underwent five physical therapy
sessions and no other real treatment." (Id. at 5-6.) Defendant
further asserts that "[i]t was shown to the jury that the
plaintiff had a pre-existing condition." (Id. at 5.)  Therefore,
because "the jury clearly heard all testimony, understood the
instructions and deliberated without incident," Defendant
contends that the jury's finding "must stand." (Id. at 7.) In
support thereof, Defendant relies on Davis v. Wal-Mart Stores,

6

Inc., 967 F.2d 1563, 1567 (11th Cir. 1992), <u>Penney v. Praxair,</u>

<u>Inc.</u>, 116 F.3d 330, 333 (8th Cir. 1997), and <u>Kerzner v. Global</u>

<u>Upholstery Co., Ltd.</u>, No. 95-1209, 1997 WL 727692, at *1 (E.D.

Pa. Nov. 19, 1997). (<u>See</u> Def.'s Br. [Doc. No. 67], 4-5.)

Federal Rule of Civil Procedure 59 sets forth the

conditions under which a new trial may be granted. FED. R. CIV. P.

59. Federal Rule of Civil Procedure 59 provides in pertinent

part:

> The court may, on motion, grant a new trial on all or
> some of the issues--and to any party--as follows:
>
> (A) after a jury trial, for any reason for which a new
> trial has heretofore been granted in an action at law
> in federal court[.]

FED. R. CIV. P. 59(a)(1).

In <u>Monaco v. Camden</u>, 366 F. App'x 330 (3d Cir. 2010),

the Third Circuit delineated the requisite inquiry with respect

to whether an allegedly inconsistent verdict warrants a new

trial. "[A] court may order a new trial based on inconsistent

verdicts only if 'no rational jury could have brought back the

verdicts that were returned.'" <u>Id.</u> at 331 (quoting <u>Pearson v.</u>

<u>Welborn</u>, 471 F.3d 732 (7th Cir. 2006) (internal quotations and

citations omitted)). Specifically, "when one party challenges a

jury's verdicts as inconsistent, the court has an obligation

first to 'attempt to reconcile the jury's findings' to determine

'whether the jury could have, consistent with its instructions, rendered the challenged verdicts.'" Id. at 331-32 (quoting Davignon v. Hodgson, 524 F.3d 91, 109 (1st Cir. 2008) (citations omitted); see also Gallick v. Balt. & O.R. Co., 372 U.S. 108, 119 (1963) ("[I]t is the duty of the courts to attempt to harmonize the answers, if it is possible under a fair reading of them: 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.'") (quoting Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962)). Moreover, "[i]n undertaking to read the verdicts consistently," courts must "'view the facts in the light most favorable to the verdict.'" Monaco, 366 F. App'x at 332 (quoting Davignon, 524 F.3d at 109).

In considering the standard governing inconsistent verdicts, the Court must also review the nature of the action. Where, as here, the issue involves a pain and suffering verdict, the Court has "less freedom to scrutinize the jury's verdict[,]" Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1352 (3d Cir. 1991), because "[a] determination regarding pain and suffering is 'peculiarly within the province of the jury.'" Kerzner v. Global Upholstery Co., Ltd., No. 95-1209, 1997 WL 727692, at *1 (E.D. Pa. Nov. 19, 1997) (quoting Semper v. Santos, 845 F.2d

1233, 1237 (3d Cir. 1988)).

In this case, because the Court has jurisdiction by way of diversity, the Court's analysis begins by examining New Jersey "state law to determine the adequacy of damages[.]" Kerzner, 1997 WL 727692, at n.3. In this regard, the Court finds the New Jersey appellate division's holdings in Watts v. Procopio, No. L-2622-08, 2012 WL 4069477 (N.J. Super. Ct. App. Div. Sept. 18, 2012) and Kozma v. Starbucks Coffee Co., 990 A.2d 679 (N.J. Super. Ct. App. Div. Mar. 19, 2010) instructive to the Court's analysis. In Watts, plaintiff sustained injuries from a head-on motor vehicle collision. 2012 WL 4069477, at *1. At trial, defendant admitted liability. Id. Thus, the jury considered whether the accident proximately caused the injuries and the amount of any damages. Id. at *3. The jury found "that plaintiff had proven by a preponderance of the evidence that she sustained injuries that were proximately caused by the accident." Id. However, "[t]he jury answered 'zero,' by a five to one vote, to the question: 'What amount of money will fairly and reasonably compensate plaintiff for all injuries that were proximately caused by the accident?'" Id. The lower court denied plaintiff's motion for a new trial or additur, and an appeal followed. Id. at *1. The New Jersey appellate division noted the conflicting testimony with respect to the severity of the

injuries and the lasting effects of such injuries. Id. at *4-*5.

However, the court found that the record "satisfied [the court]

that the evidence was such that the jury could reasonably have

found that plaintiff sustained injuries as the result of the

collision at issue, but that the injuries were de minimis and

did not warrant compensation." Id. at *5 (citing Kozma v.

Starbucks Coffee Co., 990 A.2d 679 (N.J. Super. Ct. App. Div.

2010)).  Specifically, the court noted that the jury could have

been influenced by, among other factors, the limited nature of

plaintiff's medical treatment subsequent to the accident. Id. at

*4. Moreover, the appellate division rejected the applicability

of Love, see supra, in light of plaintiff's failure to present

similar inconsistencies. Id. at *5. Therefore, the appellate

division affirmed the lower court's ruling.

    In Kozma, a slip and fall action, the "jury allocated

sixty percent of the negligence and proximate cause to [the

defendant] and the balance of forty percent to plaintiff." 990

A.2d at 681. Notwithstanding this liability finding, the jury

unanimously declined to award plaintiff any compensatory

damages. Id. The lower court denied plaintiff's motion for a new

trial, finding that "the [j]ury properly concluded that

[p]laintiff's injury was temporary[,]" "healed without

treatment[,] and without limiting the" plaintiff's daily

10

activities. Id. at 682. On appeal, plaintiff asserted that "'the jury's disregard of the undisputed evidence that as a result of the accident appellant suffered [an] injury to his left knee'" entitled plaintiff to a new trial. Id. Plaintiff further contended the "'no damages'" verdict constitutes "'an imperious abdication of the jury's responsibility.'" Id. at 681 (internal quotations omitted). The appellate division disagreed, noting that "because juries infuse community notions of justice into their verdicts, there is no sound basis upon which to disturb the judgment of the Law Division[.]" Id. In so holding, the appellate court noted plaintiff's prior injuries, in addition to plaintiff's assertions of pain purportedly stemming from the disputed incident. Id. at 681-82. However, with respect to plaintiff's allegations of continued pain, the court further noted plaintiff's protracted fifteen-hour automobile trip, in addition to plaintiff's athletic endeavors — all of which occurred subsequent to the incident. Id. at 682. Thus, "[g]iven the long history of plaintiff's related prior injuries, the jury was free to conclude either that plaintiff's current complaints stemmed from that legacy, or that the fall at [defendant's business] was inconsequential in affecting plaintiff's lifestyle and quotient of pain and suffering." Id. As in Watts, the appellate division again rejected plaintiff's reliance on Love

11

and affirmed the lower court's ruling, finding "no jury inconsistency whatsoever" in light of the "ample evidence" presented by defendant. Id. at 684.

In support of his motion, Plaintiff relies on Love, 841 A.2d 931 (N.J. Super App. Div. 2004) and Brooks, 958 F.2d 525 (2nd Cir. 1992).   Here, however, for the reasons that follow, the Court finds these cases distinguishable.   In Love, the jury "determined that plaintiff was entitled to a damage award for lost wages, *i.e.*, that he had been disabled as a result of the incident as to be unable to work, at least for a period of time or to a limited extent." Love, 841 A.2d at 935. However, notwithstanding "the finding of a medically causal connection between plaintiff's injuries and the on-the-job incident[,]" the jury did not award plaintiff any damages for pain and suffering. Id. The trial court denied plaintiff's motion for a new trial. Id. at 932. On appeal, the New Jersey appellate division found that, "[g]iven the finding of a medically causal connection between plaintiff's injuries and the on-the-job incident, and considering the extended medical treatment that resulted, including a series of surgeries, it follows that plaintiff was entitled to an award, as well, for any pain and suffering that could be established." Id. In so ruling, the appellate division concluded that, in light of the

12

n

evidence, "the jury might have been well warranted to take a skeptical view of plaintiff's allegations of lasting injury or long-term pain and suffering[,]" but that, "there can be no question that plaintiff experienced some transitory pain and suffering, at the very least, as a consequence of each of the surgeries required, for the period of recovery, if not before and beyond." Id. The Love court held that, "the jury made no award whatsoever that would fairly compensate plaintiff for those logically inescapable periods of pain and suffering, however brief they may have been perceived to be, or however low a percentage of plaintiff's total pain and suffering the jury may have attributed to the incident at issue in relation to the pre-existing injuries." Id. Therefore, the appellate division reversed the trial court's determination, and remanded the case for a new trial. Id. at 937.  Unlike Love, Plaintiff's injuries in this case required minimal medical treatment without the need for surgery.[4]  Therefore, though the appellate division in Love concluded that the plaintiff's surgery must have, at a minimum, caused pain and suffering, no evidence presented in this case necessitates a similar conclusion.

---

4.  In  Love,  the  plaintiff  testified  regarding  multiple operations,  in  addition  to  "a  decompression  laminectomy  at  the L4-5 and L5-S1 levels." Love, 841 A.2d at 934-35.

In Brooks, the original plaintiff's[5] wife died as a result of a misdiagnosed illness, whereupon plaintiff filed suit against the treating physician and hospital. Id. at 526. In Brooks, the jury determined that the defendants "were negligent and that their negligence proximately caused [decedent] to incur medical expenses and pain and suffering, and caused pecuniary loss to [decedent's] next-of-kin." Id. The Brooks jury "awarded damages for all of [decedent's] medical expenses, but awarded nothing for [decedent's] uncontested pain and suffering" or "for pecuniary loss or loss of consortium." Id. The District Court for the District of Vermont denied plaintiff's motion for a new trial, but the Second Circuit reversed, finding it "irreconcilably inconsistent for the jury to have awarded zero damages for her contemporaneous, undisputed pain and suffering." Id. at 530. In so holding, the Second Circuit noted that, "defendants did not dispute the evidence that [the decedent] experienced much pain and suffering" "as a result of [decedent's] deteriorating condition and of the necessary medical tests and procedures[.]" Id. at 527. Unlike Brooks, where the decedent's suffering went undisputed, here, the extent

---

5.    The original plaintiff died before oral argument on the appeal and was replaced by the executor of the original plaintiff's estate. Brooks, 958 F.2d at 525 n.1.

of Plaintiff's pain and suffering constituted a contested issue
at trial. Defendant presented two surveillance videos to the
jury, which depicted Plaintiff walking and standing, and the
jury may have considered the videos in determining an absence of
pain and suffering. In addition, in light of the evidence
presented by Defendant, the jury could have attributed any pain
and suffering experienced by Plaintiff to Plaintiff's pre-
existing back condition. Therefore, the contested nature of the
pain and suffering in this case presents a factually distinct
scenario from the uncontested pain and suffering considered in
Brooks.     Accordingly,    the    Court    also    finds    Brooks
distinguishable.

        In addition to Watts and Kozma, the Court finds that
the cases cited by Defendant to be more analogous to the
circumstances presented in this case. (See Def.'s Br. [Doc. No.
67], 4, 5.) Specifically, in Davis v. Wal-Mart Stores, Inc., 967
F.2d 1563, 1567 (11th Cir. 1992), the Eleventh Circuit affirmed
a jury award for past and future medical expenses, absent a
corresponding award for pain and suffering because the evidence
supported "a jury conclusion that [plaintiff's] problems may
have been brought about by [other] causes[,]" particularly in
light of the fact that "the jurors simply may not have believed
the plaintiffs in all respects." Id. Similarly, in Penney v.

Praxair, Inc., 116 F.3d 330, 333 (8th Cir. 1997), the Eighth Circuit affirmed a jury award for past and future medical expenses, but not for pain and suffering, "given the conflicting evidence" regarding plaintiff's injuries and the proximate cause of such injuries. Id. Finally, in Kerzner v. Global Upholstery Co., Ltd., No. 95-1209, 1997 WL 727692, at *1 (E.D. Pa. Nov. 19, 1997), the court noted that an "award of medical expenses without an award of damages for pain and suffering is not necessarily inconsistent." Id.

In considering Plaintiff's motion, the Court must "attempt to reconcile the jury's findings" in determining "whether the jury could have, consistent with [the Court's] instructions, rendered the challenged verdicts." Monaco, 366 F. App'x at 331-32 (internal citations and quotations omitted). The Court charged the jury concerning "pain, suffering, disability, impairment and loss of enjoyment of life." (Jury Instructions [Doc. No. 58], 14.) Specifically, the Court instructed the jurors "to exercise sound judgment as to what is fair, just and reasonable under all the circumstances" and to "consider the testimony" of Plaintiff, in addition to "all the other evidence presented by both parties on this subject, including, of course, the testimony of the doctors who appeared." (Id. at 17-18.) At trial, Defendant specifically disputed the extent to which

16

Plaintiff experienced pain and suffering, in addition to contesting the causation for such pain and suffering. In light of the medical testimony with respect to Plaintiff's pre-existing back condition, the jury could reasonably have concluded that any pain and suffering resulted from those prior injuries. Cf. Kozma, 990 A.2d at 683 (noting that "[gi]ven the long history of plaintiff's related prior injuries, the jury was free to conclude either that plaintiff's current complaints stemmed from that legacy, or that the fall at [defendant's business] was inconsequential in affecting plaintiff's lifestyle and quotient of pain and suffering"). Moreover, the two videos submitted by Defendant could reasonably have indicated to the jury that Plaintiff suffered no limitation on mobility. Cf. id. at 682 (noting plaintiff's "fifteen-hour automobile trip to Florida" and athletic endeavors subsequent to the alleged injuries). The record developed at trial further demonstrated that Plaintiff's injuries required minimal medical treatment without the need for surgery or an otherwise invasive procedure. Indeed, subsequent to Plaintiff's initial treatment at the hospital, Plaintiff's injuries required little by way of follow-up treatment. (See Stuart L. Trager, M.D., Transcript, 24:6-25:3.) According to Defendant's expert, Plaintiff "denied seeing any orthopedic doctors or musculoskeletal specialists."  (Id. at

17

25:4-6.) Cf. Watts, 2012 WL 4069477, at *4 (noting that "[t]he [limited] infrequency of plaintiff's consultations with treating physicians and absence of treatment could have influenced the jury's verdict"). Therefore, though the jury found that Defendant caused Plaintiff's injuries, and held Defendant liable for the "stipulated" medical expenses,[6] the jury verdict with respect to pain and suffering can be reconciled by concluding that the jury discredited the testimony of Plaintiff and Plaintiff's witnesses. See Monaco, 366 F. App'x at 332 (stating that "[i]n undertaking to read the verdicts consistently, the court must 'view the facts in the light most favorable to the verdict.'") (citations omitted); see also Kozma, 990 A.2d at 683 (noting that "[a] jury need not give controlling effect to any or all of the testimony provided by experts, even in the absence of evidence to the contrary").

As set forth supra, "[A] court may order a new trial based on inconsistent verdicts only if 'no rational jury could have brought back the verdicts that were returned.'" Monaco, 366 F. App'x at 331 (citations omitted). Moreover, "[i]n undertaking to read the verdicts consistently," courts must

---

[6] Plaintiff's medical expenses amounted to $13,817.47. However, the parties stipulated that Plaintiff was entitled to recover only $2,310.44. (See, e.g., Letter [Doc. No. 63], 1-2.)

18

"'view the facts in the light most favorable to the verdict.'"
Id. at 332 (citation omitted). Therefore, the Court finds the jury verdict is not inconsistent, and accordingly, denies Plaintiff's motion for a new trial.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 17th day of October 2013,

**ORDERED** that Plaintiff's motion [Doc. No. 66] for a new trial shall be, and is hereby, **DENIED**.


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

19