[Doc. No. 65]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DOMINIC PERRI,

        Plaintiff,

  v.

RESORTS INTERNATIONAL HOTEL, INC.

        Defendant.

Civil No. 10-4489 (AMD)

**<u>MEMORANDUM OPINION AND ORDER</u>**

      Presently before the Court is the application of Resorts International Hotel, Inc. (hereinafter, the "Defendant") for reimbursement of expenses pursuant to Federal Rule of Civil Procedure 68. Plaintiff Dominic Perri opposes the motion on the basis that the expenses do not meet the requirements for reimbursable expenses under Federal Rule of Civil Procedure 68 and that the application lacks sufficient documentation to support the request. The Court agrees with Plaintiff and for the reasons set forth herein, denies Defendant's application.

      The Court shall set forth only the facts relevant to Defendant's application. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, on March 7, 2011, Defendant made an Offer of Judgment to Plaintiff, Dominic Perri, prior to trial, "in the amount of $15,000.00 in full satisfaction of all

claims[.]" (Application for Reimbursement of Expenses Pursuant to Fed.R.Civ.P. 68 (hereinafter, "Def.'s Mot.") [Doc. No. 65-5], Ex. B.) On May 20, 2013, this personal injury matter proceeded to trial before a jury on the issues of causation and damages.[1] On May 22, 2013, the jury found that "the injuries claimed by the Plaintiff Dominic Perri were caused by the negligence of Resorts International Hotel, Inc. d/b/a Resorts Casino & Hotel," and awarded Plaintiff $13,817.47 for Plaintiff's past medical bills. (Jury Verdict Sheet [Doc. No. 60], 1.) However, as a result of a stipulation before trial, the parties agreed that the jury verdict should be molded, and consequently, the parties submitted a proposed judgment in the amount of $2,310.44 on June 5, 2013. (See Letter [Doc. No. 63], 1.) The Court thereafter entered judgment in the reduced amount of $2,310.44 on June 11, 2013.[2] (Judgment in a Civil Action [Doc. No. 64], 1.) Defendant now seeks reimbursement of litigation-related costs and expenses in the amount of $7,700.64. (See Certification of Counsel in

---

[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73(b), and Rule 73.1 of the Local Civil Rules for the United States District Court, District of New Jersey. (See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge [Doc. No. 22], 1.)

[2] This reduction does not impact the pending motion because the parties do not dispute that the offer of judgment exceeded the verdict obtained by Plaintiff.

2

Support of the Application for Reimbursement of Expenses Pursuant to FED.R.CIV.P. 68 [Doc. No. 65-1], ¶ 12.)

Federal Rule of Civil Procedure 68 provides in relevant part that if the offeree ultimately obtains a judgment "not more favorable than the unaccepted offer, the offeree must pay the costs incurred after" the offeror made the offer. FED. R. CIV. P. 68(d).[3] An offer of judgment made pursuant to Rule 68 aims "to encourage settlements" and to "avoid protracted litigation[.]" 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3001 (2d ed. 2007). The Rule also "prompts both parties" to objectively "evaluate the risks and costs of litigation, and to balance [those risks] against the likelihood of success upon trial on the merits." Marek v. Chesny, 473 U.S. 1, 5 (1985). To that end, Rule 68 creates a cost-shifting mechanism, which "encourages plaintiffs to accept reasonable offers" and insulates the party willing to settle from the burden of certain costs that subsequently accrue. Crescenzo v. Healthcare Revenue Recovery Grp., 842 F. Supp. 2d 1340, 1344 (S.D. Fla. 2012).

The costs recoverable under Rule 68 are limited to

---

[3] Federal Rule of Civil Procedure 68(d) expressly provides that, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the

"'those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general § 1920 definition.'" Phillips v. Bartoo, 161 F.R.D. 352, 354 (N.D. Ill. 1995) (quoting Parkes v. Hall, 906 F.2d 658, 660 (11th Cir. 1990)); see also Turpin v. Marriott Corp., No. 92-4567, 1994 WL 551510, at *2 (E.D. Pa. Oct. 6, 1994) (noting that 28 U.S.C. § 1920 defines "costs" for the purposes of Rule 68). Specifically, "[f]ederal, not state law, determines the proper taxation of costs" where "no express state policy on costs directly relate[s] to the substantive cause of action." Turpin, 1994 WL 551510, at *1 (citing Chevalier v. Reliance Ins. Co. of Ill., 953 F.2d 877, 885-86 (5th Cir. 1992)).

A "federal court sitting in diversity must apply state substantive law and federal procedural law." Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). However, because "the Court applied the New Jersey's substantive law in the trial" of this action,[4] Defendant asserts "that New Jersey substantive law" must "dictate" the scope of recovery "under the

---

costs incurred after the offer was made." FED. R. CIV. P. 68(d).
[4] The Court applied New Jersey law with respect to Plaintiff's personal injury claim.

Offer of Judgment Rule."[5] (Def.'s Reply [Doc. No. 74], 3.) Defendant further asserts that New Jersey's "substantive law" on costs, set forth in New Jersey's Offer of Judgment rule, controls the resolution of the pending application. (Brief in Reply to Plaintiff's Opposition to Defendant, Resorts International Hotel, Inc., Application for Reimbursement of Expenses Pursuant to Fed.R.Civ.P. 68 (hereinafter, "Def.'s Reply") [Doc. No. 74], 3 (citing New Jersey Court Rules 4:58-2, -3).) Defendant therefore alleges that it should be entitled to all "reasonable costs incurred as a result of the [P]laintiff's failure to accept a reasonable Offer of Judgment[,]" rather than only those delineated in 28 U.S.C. § 1920. (Def.'s Reply [Doc. No. 74], 3-4.) Defendant provides neither case nor statutory authority to support its assertion that the New Jersey Offer of Judgment rule constitutes "'substantive law applicable to [Plaintiff's] particular cause of action[.]'" Phillips, 161

---

[5] New Jersey's Offer of Judgment rule differs in materials respects from the federal rule. See generally New Jersey Court Rule 4:58 (setting forth New Jersey's Offer of Judgment rule). Specifically, the New Jersey rule permits "both the plaintiff and the defendant to issue pre-trial settlements offers" and permits recovery of "both court costs and attorneys['] fees[.]" Reid v. Finch, 40 A.3d 100, 103 (N.J. Super. Ct. Law. Div. 2011). Federal Rule of Civil Procedure 68, by contrast, allows only a "party defending against a claim" to serve an offer of judgment, and limits the scope of recovery to "costs[.]" FED. R. CIV. P. 68 (a), (d). Defendant does "not seek[] reimbursement"

5

F.R.D. at 354 (citation omitted).

New Jersey courts have concluded that the New Jersey Offer of Judgment rule, like Federal Rule of Civil Procedure 68, constitutes a "*procedural mechanism* intended to facilitate the settlement of litigation." Voorhees Office Ctr., LLC v. Target Bldg. Const., Inc., No. A-6337-08T3, 2010 WL 3933238, at *3 (N.J. Super. Ct. App. Div. Oct. 4, 2010) (citing Wiese v. Dedhia, 911 A.2d 479 (N.J. 2006)) (emphasis added); see also Kas Oriental Rugs, Inc. v. Ellman, 972 A.2d 413, 421 ("*Rule* 4:58 is procedural in nature"). The Court concludes that the New Jersey Offer of Judgment rule is not a matter of substantive law applicable to Plaintiff's cause of action. Moreover, "[e]xcept in rare circumstances in which some important state interest is implicated," "federal law" controls "the awarding of costs in an action in federal court." Baker v. Power Sec. Corp., 174 F.R.D. 292, 294 (W.D.N.Y. 1997). Here, no such important state interest is implicated. The Court therefore rejects Defendant's assertion that the award of "reasonable costs" under New Jersey's Offer of Judgment rule governs resolution of the pending motion. See Humann v. KEM Elec. Co-op., Inc., 497 F.3d 810, 813 (8th Cir. 2007) (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE

---

for "attorney's fees[.]" (Def.'s Reply [Doc. No. 74], 4.)

AND PROCEDURE § 2669 (3d ed.)) (noting that, the federal rule generally governs the "award of costs in federal court"); see also Conte v. Flota Mercante Del Estado, 277 F.2d 664, 672 (2d Cir. 1960) ("[a] court will tax ordinary court costs in accordance with its own practice[,] rather than that of the state where the claim arose"). Therefore Defendant is not entitled to recover costs beyond those delineated in 28 U.S.C. § 1920. Phillips, 161 F.R.D. at 354 (citing Wahl v. Carrier Mfg. Co., 511 F.2d 209, 217 (7th Cir. 1975)) ("without a specific underlying statute authorizing any other types of 'costs' not listed in § 1920, such as attorney's fees, postage, Federal Express fees, and messenger service fees, only the six types of costs listed § 1920 are 'taxable costs' included in Rule 68").

Accordingly, the scope of recovery in this action is limited to the following costs, set forth in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; and
(6) Compensation of court[-]appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920(1)-(6). A party seeking reimbursement of costs

"must provide sufficient information" to establish the compensable nature of the requested costs. N.J. Mfgs. Ins. Grp. v. Electrolux, Inc., No. 10-1597, 2013 WL 5817161, at *2 (D.N.J. Oct. 21, 2013). The party must further comply with Local Civil Rule 54.1, which requires that a request for costs "precisely set forth each [cost][], so that the nature of the charge can be readily understood" and substantiated by "copies of all invoices[.]" L. Civ. R. 54.1(b). Determining the recoverable costs under Rule 68 therefore requires a detailed analysis, supported by the necessary documentation. Defendant's application, however, suffers from several deficiencies. First, Defendant's application seeks to tax, or recover, nontaxable costs. Defendant specifically seeks reimbursement for the following costs: (1) courier services; (2) travel expenses; (3) costs related to "Trial Technologies[;]" (4) costs related to the video deposition of an expert witness; (5) costs related to a "subpoena[;]" (6) costs related to an "investigation[;]" (7) costs related to "medical[;]" and (8) costs related to a "deposition[.]" (Def.'s Mot. [Doc. No. 65-7], Ex. D.) However, 28 U.S.C. § 1920 limits taxable costs "to relatively minor, incidental expenses" constituting a "fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." Taniguchi v. Kan Pac. Saipan, Ltd., 132

S.Ct. 1997, 2006 (2012). Consequently, the Court finds no support, nor has Defendant cited any relevant authority, for Defendant's assertion that these costs constitute recoverable expenses. Indeed, courts have expressly found costs related to courier services, travel and parking, trial technologies, and trial consultants/investigators not recoverable under 28 U.S.C. § 1920. See, e.g., United Healthcare Servs., Inc. v. Meyer, No. 12-6197, 2013 WL 5346094, at *4 (N.D. Cal. Sept. 24, 2013) (finding courier costs to be "not one of the enumerated categories of recoverable costs"); D.I. ex rel. R.G. v. Phillipsburg Bd. of Educ., No. 10-2602, 2011 WL 1899341, at *6 (D.N.J. May 19, 2011) (finding counsel's parking and travel expenses "not recoverable" costs); Yale Mortg. Corp. v. Wells Fargo Bank, N.A., No. 11-22605, 2012 WL 3597438, at *5 (S.D. Fla. Aug. 20, 2012) (finding "technological trial support" not recoverable); Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc., Nos. 08-6304, 09-2073, 2013 WL 1716468, at *13 (D.N.J. Apr. 18, 2013) (denying requested consulting fees); see also Walker v. Robbins Hose Fire Co. No. 1, Inc., 622 F.2d 692, 694 (3d Cir. 1980) (noting that any "authority for allowing district courts to tax as costs items not mentioned" in 28 U.S.C. § 1920 "should be exercised sparingly"). Consequently, the Court denies Defendant's motion with respect to these items because they are

not recoverable "costs" under 28 U.S.C. § 1920.

Second, even if certain expenses may be recoverable as "costs" under 28 U.S.C. § 1920, Defendant's application fails to set forth the requisite level of detail for an award of costs. By way of example, Defendant's application seeks to recover $139.95 for the costs of a "subpoena." (Def.'s Mot. [Doc. No. 65-5], Ex. D.) While Section 1920(1) may render recoverable the fees associated with serving a subpoena on a witness, see Electrolux, Inc., 2013 WL 5817161, at *5, the Court lacks sufficient information to determine whether the expenses constitute recoverable "costs[.]" United Access Techs., LLC v. Earthlink, Inc., No. 02-272, 2012 WL 2175786, at *10 (D. Del. June 14, 2012) (noting that a "court is free to deny [a] request for" costs "when it finds" the documentation lacking or insufficient). The Court similarly lacks sufficient detail to determine whether Defendant's request for "medical" and "deposition" constitute recoverable costs. (Def.'s Mot. [Doc. No. 65-5], Ex. D.) Though copying and printing may generally be recoverable under 28 U.S.C. § 1920(4), Defendant has inadequately documented the nature of incurred expenses. Finally, the Court must consider Defendant's request to recover expenses identified as "Prepayment of Video Deposition regarding [Plaintiff] on 12/07/2011[.]" (Id.) While Section 1920 permits

10

recovery of costs for "printed or electronically recorded transcripts necessarily obtained for use in the case[,]" it does not explicitly provide for reimbursement in connection with video deposition transcripts. 28 U.S.C. § 1920(2). "'In Garonzik v. Whitman Diner, 910 F.Supp. 167, 171 (D.N.J. 1995), the court permitted the taxation of costs associated with preparation and playback of videotaped depositions, 'as long as the use of the videotape was reasonably necessary to the trial.''" Pharma. Res., Inc. v. Roxane Labs., Inc., No. 03-3357, 2008 WL 2951173, at *5 (D.N.J. July 25, 2008) (citation omitted). Therefore, though "preparation and playback of [a] videotaped deposition" may be recoverable, Defendant's application does not delineate, with specificity, the basis for the expense. Id. Rather, in light of Defendant's showing, the Court must necessarily construe the expense as solely expert compensation, a non-recoverable cost under 28 U.S.C. § 1920.[6] See Pelzer v. City of Phila., 771 F. Supp. 2d 465, 473 (E.D. Pa. 2011) (finding expert fees, among other things, not recoverable). Consequently, even

---

[6] 28 U.S.C. § 1821 may have permitted Defendant to recover a statutory per diem and reimbursement for certain travel expenses in connection with a witness's attendance at a deposition. See 28 U.S.C. § 1821(a)-(d). However, Defendant submitted the charge as a single line-item expense without delineating the specific basis for the charge. The Court is therefore unable to assess the applicability of 28 U.S.C. § 1821.

if Defendant seeks, in part, recoverable expenses, Defendant has failed to provide sufficient information to establish its entitlement to reimbursement. Central Del. Branch of N.A.A.C.P. v. City of Dover, Del., 123 F.R.D. 85, 93 (D. Del. 1988) ("Failure to properly document expenses is an obvious ground for denial of costs to an applicant."). Consequently, for the reasons set forth above and for good cause shown:

IT IS on this 16th day of January 2014,

**ORDERED** that Defendant's motion [Doc. No. 65] for reimbursement of expenses pursuant to Federal Rule of Civil Procedure 68 shall be, and hereby is, **DENIED**.

s/ Ann Marie Donio  
ANN MARIE DONIO  
UNITED STATES MAGISTRATE JUDGE
